IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| LACY LERETTE, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| CREDIT MANAGEMENT SERVICES, INC., | : | |
| | : | |
| Defendant. | | |

## COMPLAINT

Lacy Lerette, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Lacy Lerette is a natural person residing in Council Bluffs, Iowa.

4. Defendant Credit Management Services, Inc. does business in Iowa with its principle place of business located in Grand Island, Nebraska.

## IV. FACTUAL ALLEGATIONS

5. Credit Management Services, Inc. is attempting to collect an alleged debt from Lerette.

6. On or about August 8, 2011, Lerette was contacted by Margo Adams from Credit Management and informed that Adams was attempting to collect a debt from Lerette. This phone call was the first notice Lerette had received that said account was being turned over for collection. Lerette informed Adams she had made a payment toward said account on or about July 25, 2011, and that she would be making another payment toward the beginning of September when she had funds available. Even though Lerette verified her address and the best phone number to reach her, Adams still attempted to obtain employment information about Lerette.

7. Shortly after that phone conversation and on that same day, in connection with the attempt to collect a debt from Lerette, a phone call was made to a third party not responsible for the debt. Lerette's neighbor, Shirley Crum, was contacted and told by Defendant the caller was a friend of Lerette's in an attempt to obtain employment or other information about Lerette. The caller was a debt collector. She was not a friend of Lerette's.

## V. FIRST CLAIM FOR RELIEF

## FEDERAL UNFAIR DEBT COLLECTION

8. All facts and allegations of this Complaint are incorporated herein by reference.

9. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting the collector's relationship with Lerette in order to obtain information concerning Lerette from Lerette's neighbor; and

    b.  Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the debt in an unfair or unconscionable manner.

10. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

    **WHEREFORE,** Plaintiff respectfully requests judgment be entered against the Defendant for the following:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k;

    B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    D.  For such other relief as the Court deems appropriate in the circumstances.

## VI. SECOND CLAIM FOR RELIEF

## STATE UNFAIR DEBT COLLECTION

11. All facts and allegations of this Complaint are incorporated herein by reference.

12. Defendant violated Iowa's Debt Collection Practices Act.  Defendant's violations include but are not limited to:

    a.  Defendant violated Iowa Code § 537.7103(1)(f) by taking or threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16;

    b.  Defendant violated Iowa Code § 537.7103(4) by using deceptive or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning debtors; and

    c.  Defendant violated Iowa Code § 537.7103(4)(i) by falsely representing the status, true nature of or services rendered by the debt collector, including by misrepresenting the collector's relationship with Lerette in order to obtain information concerning Lerette from Lerette's neighbor.

13. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

    **WHEREFORE,** Plaintiff respectfully requests judgment be entered against the Defendant for the following:

    A.  Actual damages pursuant to Iowa Code § 537.5201(1);

    B.  Statutory damages pursuant to Iowa Code § 537.5201(1);

    C.  Costs and reasonable attorney's fees pursuant to Iowa Code § 537.5201(1); and

    D.  For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road, Suite 335
West Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com